## HORATIO G. HUDSON v. ASEL STEERE.

Where A. joined in a deed by which her husband and another conveyed an undivided half of a certain farm, and her husband received, on the same day, a conveyance from the other heirs of his father of an undivided half part of the same farm, *it was held,* that if she had lost her right of dower in the undivided half conveyed as aforesaid by her husband, she became entitled, under the said deed to him, to an inchoate right of dower in the other undivided half, which became consummate by his death.

The fact that an estate came to the husband of A. subject to a charge for alimony to another person, does not prevent A. from acquiring a right of dower in the estate so charged, subject to the charge, and such charge will, in no way affect her rights, if it is extinguished before she becomes entitled to dower.

A covenant in a deed, that the grantor covenants and engages the premises to the grantee, against all claims and demands which may thereafter be set up by A. to the same for dower, is broken wherever such a claim is set up and enforced, and a claim for dower out of said estate, set up by A., on which she recovered judgment, which she would have enforced if it had not been extinguished by the grantee of the plaintiff, constitutes a breach of the covenant, unless it can be made to appear that her claim of dower is invalid and might have been successfuly resisted.

As A. could not set up a claim for dower until after the death of her husband, no breach of the covenant could occur until then.

ACTION of covenant broken. A jury trial having been waived, the case was submitted to the court in fact and law. The covenant, for an alleged breach of which the action was brought, and all the material facts of the case, are sufficiently stated in the opinion of the court.

*Browne & Van Slyck, for plaintiff.*

*T. C. Greene, for defendant.*

DURFEE, J. This is an action for the breach of a covenant contained in a deed, dated April 6th, 1832, by which the defendant conveyed to the plaintiff one undivided half part of certain land described in the deed. Previous to 1828, the said land belonged to Benjamin Aldrich. In 1811, the wife of Benjamin Aldrich obtained a divorce from him and a decree for alimony of $25 per annum, which was made a charge on his real estate. On March 27th, 1828, Benjamin Aldrich conveyed to his son, Benjamin B. Aldrich, one half of said land, and died in May or June, 1829. On the 18th of September, 1829, Benjamin B. Aldrich and Wilmarth N. Aldrich, his brother, quitclaimed one undivided half of said land to James Aldrich, Eleanor Hudson and Alice Burlingame, who were brother and sisters of the grantors, and co heirs with them of said Benjamin Aldrich deceased, by deed, in which Emily P. Aldrich and Maria Aldrich, wives of the grantors, joined, releasing their rights of dower in the property conveyed, and on the same day, the said grantees and their husbands, and also the said Wilmarth N., conveyed to said Benjamin B. Aldrich one undivided half of the same land. On February 14, 1831, the defendant bought at a sheriff's sale all the estate, &c., of said Benjamin B. Aldrich in said land. On April 6th, 1832, the defendant made the deed, as above stated, containing the covenant on which this suit is brought. The covenant is in the following words, to wit. : " I, the said Asel Steere, for myself, my heirs, executors and administrators, do covenant and engage the above bargained premises to the said Horatio G. Hudson, his heirs and assigns, against all claim or claims which may hereafter be set up by Emily P. Aldrich, wife of Benjamin B. Aldrich, to the same for dower or otherwise, and against the lawful claims of all

other persons whomsoever, excepting the claim for twenty-five dollars a year allowed as alimony upon granting a petition for divorce to a wife of the said Benjamin, during her natural life, and which is an incumbrance on the said Benjamin Aldrich farm."

On the 24th August, 1838, Horatio G. Hudson, the defendant, and his wife, conveyed said land, subject to the aforesaid alimony, with the usual covenants, to Allen Chandler. The divorced wife of Benjamin Aldrich died after this conveyance. Benjamin B. Aldrich died October 25, 1862. Emily P. Aldrich, the widow of B. B. Aldrich, demanded dower in the land in question in January, 1865, and in May, 1865, commenced an action for the same, and recovered judgment thereon against said Chandler in June, 1865. Chandler, subsequently, when the said Emily was proceeding to enforce her judgment through the commissioners appointed to set off her dower to her, bought out her right of dower, paying $100 for the same and forty dollars costs of suit. In May, 1867, he commenced an action of covenant broken against the plaintiff and his wife for the amount so paid, and recovered judgment against the plaintiff (his wife not having been served, and being alleged to have been long since deceased,) for $185 62. It is admitted that the defendant had notice of these suits. The plaintiff seeks to recover in the present suit the said sum of $185 62 and $20 paid by him as counsel fees.

The defence is, in substance, that there has been no breach of the covenant ; that the action is barred by the statute of limitations ; and that B. B. Aldrich had no estate in the premises out of which dower could be claimed.

1. In order to ascertain whether there has been any breach of the covenant, it is necessary to ascertain what the covenant is. It is contended on the part of the defendant, that the covenant is too defective for the plaintiff to maintain his action upon it. It is, doubtless, not so complete and explicit as it would have been if the scrivener had more fully adapted to his purpose some established form ; but, nevertheless, we think its meaning is obvious, and that we ought to give effect to it according to its

meaning, notwithstanding its verbal deficiencies. The defendant covenants and engages the bargained premises to the plaintiff, his heirs and assigns, against all claim or claims which may afterwards be set up by Emily P. Aldrich to the same for dower. Evidently, the meaning is, that the estate shall be engaged or assessed to the plaintiff, his heirs and assigns, against any lawful claim of dower out of the estate which may be set up by Emily P. Aldrich. And the covenant is broken whenever such a claim is set up and enforced. Emily P. Aldrich set up a claim of dower out of the estate and recovered judgment thereon, which she would have enforced, if it had not been extinguished by the grantee of the plaintiff. We think this constituted a breach of the covenant, unless it shall appear that her claim of dower was invalid, and might have been successfully resisted.

2. The defendant contends, that if the covenant was broken, it was broken as soon as made, and that consequently the action upon it is now barred by the statute of limitations. His argument is, that if Emily P. Aldrich is entitled to dower out of the estate, she was vested with an inchoate right of dower when the covenant was made, the existence of which, supposing the covenant to be good, would amount to a breach thereof. But we do not so construe the covenant. The defendant did not covenant against any inchoate right of dower which Emily P. Aldrich then had, but against any claim for dower out of the estate conveyed which she might afterwards set up. She could not lawfully set up any such claim until after the decease of her husband, which occurred in 1862. Until then no breach had occurred, or could occur, and an action for a breach which subsequently occurred is not barred by the statute of limitations.

3. The defendant contends that Emily P. Aldrich was not entitled to dower. The first reason which he urges in support of this ground is, that in the interchange of deeds in 1828, she joined in the deed, by which her husband and Wilmarth Aldrich conveyed an undivided half of the farm to an undivided half of which the defendant's covenant relates, and thereby released her right of dower. But on the same day her husband received from the other heirs of his father a conveyance or quit-

claim of an undivided half part of the same farm. Therefore if she lost her right of dower by her release, in the undivided half conveyed by her husband and Wilmarth Aldrich, she nevertheless became entitled, under the deed to her husband of the same day, to an inchoate right of dower in the other undivided half, which became consummate by his death.

The second reason which the defendant urges in support of this ground, is, that the estate came to Benjamin B. Aldrich subject to a charge for alimony. But we do not see that there is anything in this which would prevent her acquiring a right of dower in the estate so charged, subject to the charge. The charge having become extinguished before she became entitled to dower, it would cease to affect her at all.

We think judgment should be entered for the plaintiff. The plaintiff claims that the judgment should be given for the amount recovered of him in the action by Allen Chandler against him, and also twenty dollars paid for counsel fees for the defence of that suit, and cites *Sumner* v. *Williams*, 8 Mass. 162, in support of the claim. In *Sumner* v. *Williams*, it was held that the plaintiff was entitled to recover her expenses incurred in defending against the suit by which she had been evicted. But here the plaintiff was defending his own covenant, the eviction having been suffered without a defence. He has also cited *Keeler* v. *Wood*, 30 Vt. (1 Shaw) 242, and *Williams* v. *Wetherbee*, 2 Aik. (Vt.) 329, which are open to the same criticism. We think the judgment for the plaintiff should be only for the amount which he paid Chandler, with interest to the present time, exclusive of the costs of the suit of Chandler against him, and of any expense incurred for counsel fees or otherwise.

*Judgment for plaintiff for amount so found due.*